**FILED**
**Jul 07, 2021**
**12:39 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **SALVADOR ENRIQUEZ,** | ) | **Docket Number: 2020-02-0318** |
| **Employee,** | ) | |
| **v.** | ) | |
| **DEFENDER SERVICES, INC.,** | ) | **State File Number: 101315-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERICAN CASUALTY** | ) | **Judge Brian K. Addington** |
| **COMPANY OF READING, PA,** | ) | |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

Mr. Enriquez requested the Court order left-knee surgery recommended by his authorized physician. Defender Services, Inc. asserted Mr. Enriquez's need for knee surgery did not arise primarily out of his employment. After an expedited hearing on June 30, 2021, the Court holds that Mr. Enriquez has not presented sufficient evidence at this time that he is likely to succeed at a hearing on the merits in proving the requested surgery is causally related to his work-injury. Therefore, the request is denied.

### History of Claim

Defender Services employed Mr. Enriquez as a machine operator. On September 19, 2019, he fell from a ladder. He most seriously injured his left leg. He worked a few hours after the injury but needed treatment due to an inability to walk well and increasing pain. Defender Services took him to the emergency room, where providers found his injury to be outside their specialty. Given a choice between a physician in North Carolina and Appalachian Orthopedics, Mr. Enrique chose Appalachian and came under the care of Dr. Larry Waldrop.[1]

---

[1] Mr. Enriquez did not explain who provided the choice. No signed physician panel was introduced.

1

Mr. Enriquez worked light-duty until January 3, 2020, when Defender Services terminated him. When his left-leg condition did not improve, Dr. Waldrop performed medial patellofemoral ligament surgery on January 6 and restricted him from work.

Dr. Waldrop recommended, and Mr. Enriquez attended, physical therapy after the surgery. On March 24, Dr. Waldrop allowed Mr. Enriquez to return to desk work only. He continued physical therapy and follow-up visits until June 9, when Dr. Waldrop placed him at maximum medical improvement. At that time, Dr. Waldrop changed his restrictions to weight-bearing as tolerated, no deep bending or twisting of the left knee, and no lifting over five pounds. He noted that Mr. Enriquez may need knee replacements in the future.

After a June 9 appointment, Mr. Enriquez began yard work, including running a grass trimmer at home and for his neighbor, and a six-hour job with a gardener for pay. This activity inflamed his left knee. He told both his physical therapist and Dr. Waldrop that the work increased his pain, and he testified that it caused swelling. Dr. Waldrop recommended a follow-up MRI and took him off work effective July 14.

In a follow-up visit in October, Dr. Waldrop noted a swollen left knee and explained that Mr. Enriquez suffered an acute worker's compensation injury, but he also had pre-existing arthritis in the knee. He stated that, for pain-management, he was recommending a total knee replacement and placed Mr. Enriquez on light-duty restrictions.

Later, in January 2021, he ordered the surgery. He stated in his records that, "It is work related especially the retropatellar space and the treatment would be the same even despite having some degenerative knee issues prior to the injury even if that were the case." Genex performed a Utilization Review of the surgery request and certified it. Later, Dr. Waldrop checked a box on a letter from Mr. Enriquez's attorney that the total left-knee arthroplasty was reasonable and necessary.

Defender Services denied the surgery request and sent Mr. Enriquez to an examination with Dr. William Hovis. Dr. Hovis examined Mr. Enriquez and read and considered his prior records, reports, and imaging. He concluded that Mr. Enriquez suffered from degenerative and arthritic changes in his knees. He felt Mr. Enriquez had congenital lateral subluxation of the left patella and was significantly overweight. He found Mr. Enriquez's need for surgery primarily related to his pre-existing arthritis but did note that the injury aggravated or exacerbated his pre-existing condition. Dr. Hovis confirmed his written opinions in his deposition and testified that Mr. Enriquez worked outside his restrictions when he trimmed grass for himself and others.

## Findings of Fact and Conclusions of Law

To prevail, Mr. Enriquez must present evidence from which this Court can determine that he is likely to prove at trial that his current need for a total left-knee replacement is primarily due to his September 2019 work accident. *See McCord v.*

2

*Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Mr. Enriquez's surgery request rests upon the expert opinions concerning medical causation. Proving medical causation requires a physician's opinion within a reasonable degree of medical certainty that the employment contributed more than fifty percent as to the cause of the need for surgery. A reasonable degree of medical certainty means that, in the physician's opinion it is more likely than not that the work caused the injury considering all causes, as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14)(B)-(D).

In determining medical causation, the law provides a rebuttable presumption of correctness to the causation opinion given by the physician an injured employee chooses from a panel. *See* Tenn. Code Ann. § 50-6-102(14)(E). Mr. Enriquez testified that he was given a choice between a physician in North Carolina or Appalachian Orthopedics, and he chose Appalachian. This procedure does not follow the Workers' Compensation Law's requirement of providing a panel of three physicians. *See* Tenn. Code Ann. § 50-6-204(3)(A)(i). The parties did not introduce a signed panel into evidence. Although Dr. Waldrop was authorized to treat Mr. Enriquez, only a valid panel doctor has a presumption of correctness on causation. *See Barnes v. Jack Cooper Transport*, 2020 TN Wrk. Comp. App. Bd. LEXIS 16, at *6 (Mar. 24, 2020).

Because the medical opinions differ regarding causation, the Court has the discretion to which testimony to accept. *See Bass v. The Home Depot U.S.A., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9 (May 26, 2017).

In reviewing Dr. Waldrop's records, he did not give the opinion that Mr. Enriquez's need for surgery was primarily related to the work injury. He merely wrote that it was work-related, although he did state that the surgery was reasonable and necessary. He stated that the original injury had been addressed, but that pain from the pre-existing arthritis had worsened, and to relieve Mr. Enriquez's pain, he recommended a total knee replacement.

In contrast, Dr. Hovis specifically testified that the need for surgery was not primarily related to the injury but rather to congenital issues and arthritis. He was very detailed in relating how he came to his conclusion, although he did say Mr. Enriquez's injury aggravated his arthritis.

Considering Dr. Waldrop's records do not reflect that the surgery was primarily related to his injury, and that his opinion carries no presumption, as it was not proven that he was a panel physician, the Court adopts Dr. Hovis's opinion as the more accurate statement on causation. His deposition testimony was clear, while the Court had to piece together Dr. Waldrop's opinion. Further, the Court is concerned that the physicians did not fully address Mr. Enriquez's grass trimming activities and its effect, if any, on causation

3

for the requested surgery, as required by the Workers' Compensation Law. *See* Tenn. Code Ann. § 50-6-102(14)(D).

Therefore, the Court holds that Mr. Enriquez has not presented sufficient evidence at this time that he is likely to succeed at a hearing on the merits in proving the requested surgery is causally related to his work-injury.

**IT IS THEREFORE ORDERED as follows**:

1. Mr. Enriquez's request for surgery is denied at this time.

2. This case is set for a Status Hearing on **August 25, 2021, at 2:00 p.m. Eastern** time. The parties must dial **855-543-5044** to participate in the hearing.

**Entered July 7, 2021.**

*Brian K. Addington*
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Affidavit
2. Undated opinion of Dr. Larry Waldrop
3. Appalachian Orthopaedic Associates medical records
4. Employee's designated medical records
    a. Appalachian Orthopaedic Associates
    b. Genex Utilization Review
    c. Dr. Larry Waldrop opinion, May 12, 2021
    d. Dr. William Hovis Independent Medical Exam
5. Physical Therapy Services medical records
6. Independent Medical Exam of Dr. William Hovis and exhibits
7. Dr. Waldrop medical records
8. Dr. William Hovis Deposition transcript and video
9. Dr. Larry Waldrop January 26, 2021, medical note

Technical Record:

1. Petition for Benefit Determination

4

2. Dispute Certification Notice
3. Status Hearing Order, May 28, 2021
4. Request for Expedited Hearing
5. Employee's Position Statement
6. Employee's Exhibit List
7. Employee's Witness List
8. Employer's Expedited Hearing Brief
9. Employer's Witness and Exhibit List
10. Notice of Filing Transcript and Video recording of Dr. William Hovis
11. Notice of Filing-Physical Therapy Services records
12. Notice of Filing-medical records of Dr. Larry Waldrop

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent on July 7, 2021.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|---------------|-----|-------|------------------|
| Daniel Bieger, Employee's Attorney | | | X | dan@biegerlaw.com paige@biegerlaw.com |
| J. Brent Moore, Employer's Attorney | | | X | bmoore@ortalekelley.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____        ☐ Motion Order filed on _____

☐ Compensation Order filed on_____        ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*